UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re:

    Thalia Denise Cooper,

        Debtors

Case No. 13-35178
Chapter 7

Assigned to:
Hon. Judge Morris
Bankruptcy Judge

---

### MOTION FOR ORDER PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE GRANTING RELIEF FROM THE AUTOMATIC STAY

#### INTRODUCTION

M&T Bank (the "Secured Creditor"), by and through its counsel, McCabe, Weisberg & Conway P.C., as and for its motion (the "Motion") for an order pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Federal Rules of Bankruptcy Procedure granting it relief from the automatic stay imposed by 11 U.S.C. § 362(a), and permitting the Secured Creditor to exercise all of its rights and remedies with respect to its security interest in the real property commonly known as 32 Helene Road, Warwick, New York 10990 (the "Mortgaged Premises"), respectfully represents and states as follows:

#### PROCEDURE

1. On January 29, 2013, Thalia Denise Cooper (collectively, the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code with this Court, and an order for relief was duly entered.

#### JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d).

## BACKGROUND

3. Secured Creditor derives its secured status pursuant to that certain Consolidated Note and Mortgage dated April 17, 2003 where Secured Creditor advanced sums to or for the benefit of the Debtor in the original principal amount of $101,906.00,. A copy of the Consolidated Note and Mortgage is annexed hereto as **Exhibit 'A'**.

4. Pursuant to the terms and conditions of the Note and Mortgage, upon the failure of the Debtor to cure any default thereunder, which includes non-payment of amounts due, Secured Creditor is entitled to accelerate the loan balance and foreclose on the Mortgaged Premises. According to the Motion for Relief from Stay Worksheet executed by Alicia Oliver, an executive with the Secured Creditor, as of April 20, 2013, the Debtor is due for eleven (11) payments, two in the amount of $1,172.39 from June 1, 2012 to July 1, 2012 and nine payments in the amount of $1,163.23 which represents the payments due from August 1, 2012 through April 1, 2013 and has not cured said default. Furthermore, should the default continue, another payment due May 1, 2013 will also be due at the date this motion is heard. A Motion for Relief from Stay Worksheet is annexed hereto as **Exhibit 'B'**.

5. Through April 20, 2013, there is a total indebtedness owed on the Note and Mortgage in the amount of $97,795.22. Interest on the unpaid principal balance continues to accrue, and to protect its security in the Mortgaged Premises, the Secured Creditor may be required to make advances for property taxes, insurance and related matters. Debtor intends to surrender the property therefore the secured creditor is not adequately protected.

6. In addition to the foregoing, Debtor is liable to Secured Creditor for, *inter alia*, its costs, expenses, reasonable attorneys' fees expended enforcing its rights and all other sums due pursuant to the terms and conditions of the Mortgage and Note.

7. Based on Debtors' Schedule A annexed hereto as **Exhibit 'C'**, said real property is valued at $174,800.00. *See In re* Gorman, 2011 WL 5117846 at *5 (Bankr. E.D.N.Y. 2011) (recognizing that a debtor's sworn schedules is evidence of the value of the property).

## THE AUTOMATIC STAY SHOULD BE VACATED

8. 11 U.S.C. § 362(d) provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> 1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> 2) with respect to a stay of an act against property under subsection (a) of this section if-
>
>    (A) the debtor does not have an equity in such property; and
>
>    (B) such property is not necessary to an effective reorganization.

9. 11 U.S.C. § 362(d)(1) is applicable to applications to lift the automatic stay for cause. The party seeking relief from the automatic stay has the initial burden of establishing "cause." *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999); *In re Godt*, 282 B.R. 577, 584 (E.D.N.Y. 2002). Once the movant establishes a *prima facie* case of cause to lift the stay, the burden shifts to the debtor. *Id.*

10. As set forth above, cause exists to vacate the automatic stay as the Debtor is in default under the terms and provisions of the Mortgage and Note, by, among other things, failing to make monthly post-petition mortgage payments to Secured Creditor. Under 11 U.S.C. § 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. *See In re Taylor*, 151 B.R. 646 (E.D.N.Y.1993); *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); *In re Frascatore*, 33 B.R. 687 (Bankr. E.D. Pa. 1983).

11. In Debtor's Chapter 7 Debtor's Statement of Intentions, annexed hereto as **Exhibit 'D'**, the Debtor stated an intention to surrender the Mortgaged Premises, additionally debtor is now due for 11 payments and therefore is respectfully submitted that Secured Creditor's interest in the Mortgaged Premises will not be adequately protected if the automatic stay is allowed to remain in effect.

12. A Memorandum of Law is submitted herewith as **Exhibit 'E'**.

13. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'F'**.

14. A Rule 55 Affidavit is annexed hereto as **Exhibit 'G'**.

## CONCLUSION

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order vacating the automatic stay pursuant to 11 U.S.C. § 362(d) as to Secured Creditor's interest in the Mortgaged Premises, together with such other, further and different relief as this Court deems just and proper.

DATED:   April 29, 2013
         New Rochelle, New York

By: _____
Charles A. Higgs , Esq.
McCabe, Weisberg & Conway, P.C.
Attorneys for Secured Creditor
145 Huguenot Street
New Rochelle, NY 10801
Telephone 914-636-8900